


FILED
JOHN P. HEHMAN
CLERK

2013 DEC 27 PM 1:08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| LISA WILSON,<br>403 Downing Street<br>Cold Spring, Kentucky, 41076,<br><br>   Plaintiff,<br><br>   -vs-<br><br>ERIC K. SHINSEKI, SECRETARY,<br>Department of Veterans Affairs<br>Medical Center, Cincinnati, Ohio,<br>3200 Vine Street<br>Cincinnati, Ohio, 45220<br><br>   Defendant. | Case No. 1:13-cv-930 _____<br><br>JUDGE S. Arthur Spiegel _____<br><br>MAGISTRATE JUDGE _____ |

## COMPLAINT

### I. NATURE OF THE ACTION

1. This action seeks declaratory and injunctive relief, costs, and attorneys' fees, due to Defendant's refusal to reasonably accommodate a partially paralyzed service veteran who wants nothing more than to be able to receive medical care and maintain employment located at Defendant's facility. Defendant's banishment of Plaintiff's trained service animal from the Department of Veterans Affairs Medical Center, Cincinnati (hereinafter "VA Hospital") has caused Plaintiff to lose her job and miss important medical appointments, depriving her of meaningful access to its treatment and patients. Defendant has been entirely inflexible in failing to allow Plaintiff to enter the VA Hospital with her service animal accommodation, in direct violation of Section 504 of the Rehabilitation Act of 1973.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to federal question and civil rights jurisdiction under 28 U.S.C. §§1331 and §1343(a)(4) and the Rehabilitation Act of 1973, 29 U.S.C. §794a.

3. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391 and S.D. Ohio Civ. R. 82.1(b) because a substantial part of the events or omissions giving rise to Plaintiff claims occurred in Hamilton County, Ohio where Defendant is located.

## III. PARTIES

4. Plaintiff Lisa Wilson is a military service veteran with partial paralysis of her left leg and arm in the form of spastic hemiplegia and hemiparesis, who has been diagnosed with traumatic brain injury, diabetes, and clinical depression and undergone bariatric surgery, and she has such difficulty maintaining her balance that she regularly uses a motorized wheelchair and a service animal.

5. Defendant Eric K. Shinseki, Secretary, United States Department of Veterans Affairs, administers a program or activity conducted by an Executive agency, the Medical Center located in Cincinnati, Ohio.

## IV. FACTUAL ALLEGATIONS

6. As a result of her disabilities, Plaintiff has significant difficulty with balance, dizziness, and walking, so she is particularly susceptible to falls despite the use of mobility aids.

7. Plaintiff utilizes a trained service dog, a two-year-old yellow Labrador retriever named Beau, for balance, transfers, retrieving dropped items, and to help her back up and/or alert others for help if she falls.

8. The service dog has been specifically trained to perform the tasks he performs.

9. The tasks the service dog performs are directly related to Plaintiff's disabilities.

10. Plaintiff has relied upon the assistance of a service animal since October 2002.

11. Because Plaintiff has very limited use of her left arm, her service animal was trained using a remote electronic collar in lieu of a leash.

12. Plaintiff utilizes the VA Hospital for all of her medical and mental health care.

13. Plaintiff was employed as an advocate by Disabled American Veterans, Department of Ohio (hereinafter "DAV"), a nonprofit organization with a regional office located in a suite in the VA Hospital building.

14. Plaintiff began work for the DAV with the service animal accommodation in June of 2012.

15. In January 2013, Plaintiff was verbally informed by Linda Smith, Director of Defendant's Cincinnati Medical Center, that she must put the service animal on a short leash due to VA Hospital policy, concerns over others' safety, and the "inhumane" nature of the remote collar.

16. Plaintiff immediately put the dog on a short leash, but this made it difficult for her to use her motorized wheelchair controls and remain balanced. The use of the short leash was also contrary to the service dog's training and caused difficulty in performing his duties.

17. On or about April 5, 2013, Plaintiff was verbally notified by Director Linda Smith that she could no longer enter the building with the service dog, a position later confirmed by Defendant's counsel in a letter dated May 31, 2012, and, notwithstanding repeated communications with Defendant and a futile effort to arrange an evaluation of Plaintiff's service animal, reaffirmed when Defendant stopped responding to communications.

18. Plaintiff has offered to muzzle the dog and/or attach a retractable leash to her wheelchair as additional safety measures. She has also sought additional training to address these concerns. These options have been summarily rejected by Defendant.

19. As a result of Defendant's expulsion of the service animal, Plaintiff has not entered the VA Hospital with her service animal for medical appointments or work since April 5, 2013, and was only once accommodated through a complex and humiliating process of Defendant providing mobility assistance to her appointments.

20. Plaintiff used all of her sick leave and has been unable to enter work since she was notified by Defendant that she could not enter the facility with her service animal. So far as Plaintiff knows, no other local locations are available for Plaintiff to work for her employer, DAV, because DAV conducts its operations at Defendant's facilities. Plaintiff has not received any pay since she exhausted her sick leave.

21. Plaintiff's employer notified her on June 6, 2013, that she is being replaced, and that DAV considers her to have voluntarily terminated her employment.

22. The ability to work, to be a productive member of society, and to do so independently are central aspects of Plaintiff's life and are directly tied to her mental well-being. She worked to rehabilitate herself for eleven years after she became partially paralyzed in order to no longer rely on Social Security Disability Insurance. She has since had to reapply for SSDI.

23. As a result of Defendant's expulsion from the VA Hospital with the service dog accommodation, which resulted in Plaintiff's inability to work, Plaintiff has experienced symptoms of heightened depression.

## V. CAUSE OF ACTION – SECTION 504

24. Plaintiff is a person with a disability within the meaning of Section 504 of Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794(a), and its implementing regulations.

25. Defendant is the head a federal executive agency within the meaning of Section 504 and its implementing regulations.

26. Section 504 and its implementing regulations prohibit a federal executive agency from subjecting a qualified individual with a disability to discrimination or excluding him or her from the participation in or denying him or her the benefits of its programs or activities solely by reason of his or her disability. 29 U.S.C. §794(a); 38 C.F.R. §15.130.

27. The Department of Veterans Affairs' own Section 504 regulations also prohibits denying a qualified individual on the basis of disability the opportunity to participate in or benefit from any aid, benefit, or service, or provide an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to

reach the same level of achievement as that provided to others. 38 C.F.R. §15.130(b)(1)(i) and (iii).

28. The Department of Veterans Affairs also has a service animal directive which explicitly authorizes individuals with disabilities to enter all areas of their facilities with a service dog specifically trained to perform a task which the individual cannot perform independently of the dog, so long as the dog is "in a guiding harness, or a leash, and under control at all times." VHA Directive 2011-013.

29. By refusing to allow Plaintiff to enter the VA Hospital with the service dog accommodation for work and medical appointments, Defendant has discriminated against Plaintiff on the basis of her disability, denied her access to its benefits and services, and offered an ineffective benefit and service, thereby violating her rights under Section 504.

30. As a direct and proximate result of the unlawful discrimination of Defendant, Plaintiff has lost wages, emotional distress, humiliation, mental anguish, and will likely incur additional expenses in obtaining medical care independently from the VA Hospital.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973;

c. Issue such injunction as requested by Plaintiff in the course of these proceedings to prevent harm from occurring to her and her interests;

d. Enjoin Defendants from continuing to violate Plaintiff's rights as set forth in this Complaint;

e. Award Plaintiff attorneys' fees and costs as permitted by law; and,

f.  Provide such other relief as is just and equitable.

Respectfully submitted,

By  /s/John S. Marshall
John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)
Edward R. Forman (0076651)
(*eforman@marshallandmorrow.com*)
MARSHALL AND MORROW LLC
250 Civic Center Drive, Suite 480
Columbus, Ohio  43215-5296
(614) 463-9790
Fax (614) 463-9780


By  /s/Jason C. Boylan
Jason C. Boylan (0082409)
(*boylan@disabilityrightsohio.org*)
OHIO DISABILITY RIGHTS LAW & POLICY CENTER, INC.
DISABILITY RIGHTS OHIO
50 West Broad Street, Suite 1400
Columbus, Ohio, 43215
(614) 466-7264
Fax (614) 644-1888

*Attorneys for Plaintiff*

**OF COUNSEL TO MARSHALL AND MORROW, LLC**

Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
66871 Rayo del Sol
Desert Hot Springs, California, 92240-1871
(614) 203-1255
Fax (760) 288-2146

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

By  /s/John S. Marshall
John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)